THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ACCESS THE USA, LLC et al,<br><br>Plaintiff,<br><br>v.<br><br>STATE of WASHINGTON, et al,<br><br>Defendant. | CASE NO. C14-00839-JCC<br><br>ORDER GRANTING UNDERWRITER DEFENDANTS' MOTION TO DISMISS IN PART |

This matter comes before the Court on Underwriter Defendants' motion to dismiss (Dkt. No. 19). After reviewing the pleadings, the Court finds the Plaintiffs can prove no set of facts warranting relief under 42 U.S.C. § 1981, and therefore dismisses this claim with prejudice. Fed. R. Civ. P 12(b)(6). Dismissing Plaintiffs' 42 U.S.C. § 1981 claim eliminates the only cause of action over which this Court had original jurisdiction. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims. 28 U.S.C. § 1367(c)(3).

Having thoroughly considered the parties' briefing, the Court hereby GRANTS the motion in part and REMANDS the remaining claims to state court.

**I.      BACKGROUND**

Plaintiffs are three Washington business entities: Access the USA, LLC, 520 Bridge Replacement Fund II, LP, and Premier 520 Bridge Replacement Fund II, LP (collectively "AUSA"). The AUSA entities seek relief after being denied participation in a bond offering. Dkt. No. 1, Attachment 1. Plaintiffs allege that state government entities—the State of Washington, the Office of the Treasurer, and state employees John Doe 1–5 (collectively "State Defendants")—along with the bond underwriters (Citigroup Global Markets, J.P. Morgan Securities, and Merrill Lynch; collectively "Underwriter Defendants") blocked AUSA's participation in the bond because AUSA's investors are Chinese. *Id.* at 9–10. Plaintiffs' investors are foreign nationals by design: Access the USA, LLC is a program through which non-citizens invest in job-creating programs in the United States in exchange for the opportunity to immigrate and establish residency. *Id.* at 4–5.

In their complaint, Plaintiffs allege that they diligently prepared an application to invest $143 million in a bond called GARVEE 2012F. Dkt. No. 1, Attachment 1, p. 5–7. Plaintiffs argue that Defendants' misrepresentations and omissions, stemming from animus towards AUSA's Chinese investors, prevented Plaintiffs from purchasing the GARVEE 2012F bond. *Id.* at 8–10. Plaintiffs bring suit against both State and Underwriter Defendants under five (5) causes of action: (1) the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010; (2) the Washington State Securities Act ("WSSA"), RCW 21.20 *et seq.*; (3) tortious interference with contract and/or business expectancy; (4) The Civil Rights Act of 1866, 42 U.S.C. § 1981; and (5) the Washington State Consumer Protection Act, RCW 19.86 *et seq*.

Underwriter Defendants move to dismiss arguing, *inter alia*, that Plaintiffs fail to state a legitimate claim under 42 U.S.C. § 1981—the only claim conferring original jurisdiction in this

ORDER GRANTING UNDERWRITER
DEFENDANTS' MOTION TO DISMISS IN PART
PAGE - 2

Court—because the statute does not apply to persons outside "the jurisdiction of the United States." Dkt. 19.pp. 10–12. The Court agrees.

Dismissal of the Section 1981 claim defeats the original jurisdiction of this Court. As significant judicial resources have not been devoted, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. 28 U.S.C. § 1367(c)(3). As such, the Court's analysis does not reach the remainder of Underwriter Defendants' motion to dismiss as to whether Plaintiffs failed to state a claim under the WLAD, the WSSA, or the Washington Consumer Protection Act. Dkt. No. 19.

## II.   DISCUSSION

### A.   Standard for Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is appropriately granted where a plaintiff can prove no set of facts in support of his or her claim warranting relief. *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). For the complaint to survive a motion to dismiss, the plaintiff must allege facts sufficient to create a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the Court disregards allegations that amount only to legal conclusions. *Aziz v. Knight Transp.*, 2012 WL 3596370, at *3 (W.D. Wash. Aug. 21, 2012). The Court treats the factual allegations of the Plaintiffs as true and views them in the light most favorable to Plaintiffs. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 989 (9th Cir. 1986).

As the Underwriter Defendants did not file an answer to Plaintiffs' complaint, the opportunity to bring a motion to dismiss for failure to state a claim has not been waived. Fed. R. Civ. P. 12(b).

### B.   Plaintiffs' 42 U.S.C. § 1981 Claim

ORDER GRANTING UNDERWRITER
DEFENDANTS' MOTION TO DISMISS IN PART
PAGE - 3

Plaintiffs bring suit under 42 U.S.C. § 1981, arguing that AUSA suffered discrimination because their entities are "composed largely of Chinese investors." Dkt. No. 1, Attachment 1, p. 12. Underwriter Defendants do not deny the Chinese citizenship of the AUSA investors. Dkt. No. 19.

Underwriter Defendants argue that persons located outside of the United States may not avail themselves of the protections of 42 U.S.C. § 1981. Dkt. No. 19, pp. 10–12. There is no Ninth Circuit or United States Supreme Court precedent on the issue.

Section 1981 reads, in relevant part, "All persons *within the jurisdiction of the United States* shall have the same right in every State and Territory to make and enforce contracts . . ."42 U.S.C. §1981(a) (emphasis added). Other courts have held that this limiting language precludes relief for persons physically located outside of the United States. *See Ofori-Tenkorang v. American International Group, Inc.*, 460 F.3d 296 (2d. Cir. 2006); *Tat Tohumculuk, A.S. v. H.J. Heinz Co.,* CIV 13-0773 WBS-KJN, 2013 WL 6070483, at *7 (E.D. Cal. Nov. 14, 2013); *Oxford v. Linc Group., Inc.*, 724 F. Supp. 2d 570, 574 (E.D.N.C. 2010); *Bell v. Honeywell Tech. Solutions, Inc.*, 2010 WL 3211045, at *3 (S.D. Ind. Aug. 12, 2010).

The Second Circuit's decision in *Ofori-Tenkorang* remains the primary opinion addressing Section 1981's territorial limitations. It is described briefly below.

        i.     *Ofori-Tenkorang*

At issue in *Ofori-Tenkorang* was the discrimination claim of a non-citizen based on his treatment while an employee of AIG in South Africa. 460 F.3d at 298–99. The Second Circuit, as an issue of first impression, held that Section 1981 does not extend to discrimination that occurs outside of the United States. *Id.* at 304. Though Defendant AIG was located in the United States,

the Court specifically held that "the mere decision by a defendant in the United States to discriminate against employees abroad cannot serve as the basis for a claim pursuant to Section 1981. . . Section 1981's territorial limitation is defined by the location of the subject of the discrimination, not by the location of the decisionmaker." *Id.*

In making its determination, the Second Circuit relied on three key factors. First, the Court employed the legal presumption that "Congress. . . intends its statutes to have domestic, not extraterritorial, application." 460 F.3d at 301 (citing *Small v. United States*, 544 U.S. 385, 388–89 (2005)). Second, the Court compared Section 1981 to related statutes, finding that "other civil rights statutes. . . have been amended deliberately to reach conduct occurring outside the United States, [but] Section 1981 [has not.]" *Id.* at 298. Third, the Court examined the legislative history of Section 1981. *Id.* at 302. A previous provision in the statute afforded protection solely to "persons born in the United States and not subject to any foreign power," which was expanded in 1870 to the present, "all persons within the jurisdiction of the United States. . ." *Id.* (citing Civil Rights Act of 1866, ch. 31, §1, 14 Stat. 27, 27). Having deliberately expanded Section 1981 to non-citizens physically located in the United States, Congress intended to go no further. *Id.*

    *ii.*  District Court Cases Relying on Ofori-Tenkorang

Since the *Ofori-Tenkorang* decision, several district courts have relied on its holding.

In *Tat Tohumculuk, A.S. v. H.J. Heinz Co.*, the District Court for the Eastern District of California, citing *Ofori-Tenkorang*, held that a Turkish company located in Turkey was not eligible to bring suit under Section 1981. CIV 13-0773 WBS-KJN, 2013 WL 6070483, at *7 (E.D. Cal. Nov. 14, 2013).

At issue in *Oxford v. Linc Group* was racial discrimination allegedly suffered by a U.S. citizen while he was working in Iraq. 724 F. Supp. 2d 570, 573–4 (E.D.N.C. 2010). Relying on *Ofori-Tenkorang*, the District Court for the Eastern District of North Carolina held that the plaintiff's Section 1981 claim was barred because the alleged discrimination took place outside the United States. *Id.* at 574.

The plaintiff in *Bell v. Honeywell Tech. Solutions, Inc.* was similarly precluded from bringing suit under Section 1981 because his "claims [were] based entirely on conduct that occurred while he was stationed in Kuwait." 2010 WL 3211045, at *3 (S.D. Ind. Aug. 12, 2010).

In the absence of direct precedent in this Circuit, the Court agrees with the reasoning of the Second Circuit in *Ofori-Tenkorang v. American International Group, Inc.*, 460 F.3d 296 (2d. Cir. 2006). There is no indication that Congress intended 42 U.S.C. § 1981 to apply to persons or entities outside the territorial boundaries of the United States. Foreign nationals may not avail themselves of its protections from abroad.

### iii.   Imputed Racial Identity and the Territorial Limits of § 1981

Plaintiffs AUSA claim that, unlike the litigants in the cases outlined above, they are Washington business entities and, therefore, located within the territorial jurisdiction of the United States. However, Plaintiffs' discrimination claim relies on the "imputed racial identity" of their Chinese investors. Dkt. No. 29, pp. 10–11.

Corporations may assert Section 1981 standing based on an imputed racial identity. *See, e.g.*, *Bains LLC v. Arco Products Co., Div. of Atlantic Richfield Co.*, 405 F.3d 764, 770 (9th Cir. 2005) (American-based corporation owned by U.S. citizens of Indian descent had standing to bring a Section 1981 suit based on "imputed racial identity"); *Thinket Ink Information Resources,*

*Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1055 (9th Cir. 2004) (". . . if a corporation either suffers discrimination harm cognizable under [Section] 1981, or has acquired an imputed racial identity, it . . . [has] prudential standing to bring an action under [Section] 1981."). However, in order for a business to validly impute a racial identity, the racial identity in question must confer actual standing to sue. *See Oti Kaga, Inc. v. S. Dakota Hous. Dev. Auth.*, 342 F.3d 871, 881 (8th Cir. 2003) (*"a corporate plaintiff . . . could assert the rights of the individual plaintiffs who had standing to sue in their own right*, and thereby establish prudential standing.") (emphasis added); *see also Bennett v. Spear*, 520 U.S. 154, 162 (1997) (for prudential standing to be valid under the Endangered Species Act, "a plaintiff's grievance must. . . fall within the zone of interests protected or regulated by the statutory provision"). In other words, it does not resuscitate Plaintiffs' Section 1981 claim to impute the racial identity of foreign investors who lack standing to bring suit themselves.

                iv.      *Plaintiffs' Failure to State a Claim; Futility of Amendment*

Defendants argue that the complaint does not allege sufficient facts to demonstrate an imputed racial identity or discrimination in violation of Section 1981. Indeed, Plaintiffs do not specify the race of any of AUSA's principals or officers in their complaint. Dkt. No. 1, Attachment 1. Plaintiffs identify their principal as Michael Maddox, but do not state his race. In a similar case, the Ninth Circuit dismissed a claim for the plaintiff's failure "to allege facts from which one could infer that [plaintiff] has an imputed racial identity, for example the race of [its] owner or anyone affiliated with [plaintiff.]" *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). Plaintiffs' complaint states simply that AUSA is "composed largely of Chinese investors." Dkt. No. 1, Attachment 1, p. 12.

In Plaintiffs' response brief to Underwriter Defendants' motion to dismiss, they present additional facts for a potential amended complaint. Dkt. No. 27, p. 23. One such fact is that Mr. Maddox is Caucasian, while the remaining 288 members of the three entities are Chinese. *Id*. The Court considers an amended complaint futile as persons outside the territorial limits of the United States may not avail themselves of the protections of 42 U.S.C. § 1981. *See* Part II(b)(*i*)-(*iii*), *supra.* Leave to amend need not be granted where even an amended complaint would not survive a motion to dismiss. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

For the aforementioned reasons, the Court finds that the Plaintiffs can prove no set of facts warranting relief under 42 U.S.C. § 1981. As such, Plaintiff's claim under Section 1981 is dismissed with prejudice.

C.     **Plaintiffs' Remaining State Law Claims**

Dismissal of Plaintiffs' Section 1981 claim eliminates the only claim for which this Court possessed original jurisdiction. In such circumstances, "the balance of factors will weigh toward remanding any remaining pendent state claims to state court." *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir.1991);  *see also* 28 U.S.C. § 1367(c)(3). Where substantial judicial resources have already been committed and remanding would cause a duplication of effort, the district court may properly retain jurisdiction over state law claims. *See Schneider v. TRW, Inc.,* 938 F.2d 986, 994–95 (9th Cir.1991).

The Court finds that substantial judicial resources have not been committed to this dispute.[1] The Court therefore declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under WLAD, WSSA, tortious interference with contract and/or business expectancy, and the Washington State Consumer Protection Act.

### III.  CONCLUSION

For the foregoing reasons, State Defendants' motion to dismiss (Dkt. No. 19) is GRANTED as to Plaintiffs' claim under 42 U.S.C. § 1981. This claim is dismissed with prejudice. Plaintiffs' remaining state law claims are REMANDED to state court. The Clerk of the Court is directed to remand this case to King County Superior Court.

DATED this 23rd day of October 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court has addressed this motion as well as State Defendants' motion for judgment on the pleadings (Dkt. No. 17), and held a brief Status Conference Hearing on October 14, 2014. No other action has been taken.

ORDER GRANTING UNDERWRITER
DEFENDANTS' MOTION TO DISMISS IN PART
PAGE - 9